| DISTRICT | OFF. | DOCKET NO. YR. NUMBER | CR | FILING DATE MO. DAY YR. | J | NATURE SUIT | CIV. CTZ DEF | 23 | $ DEMAND THOUSANDS | JUDGE | MAG. | COUNTY | JURY DEM. | DOCKET YR. NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1127 | 2 | 87T 1168 N | 1 | 03 06 87 | 3 | 441 | | | | 2706 | | 01015 | ✓ | 87T 1168 N |

CAUSE:  **PLAINTIFFS**                                                 **DEFENDANTS**

JOHN DILLARD; DAMASCUS CRITTENDEN, JR.; EARWEN FERRELL; CLARENCE J. JARRELLS; ULLYSSES MC BRIDE; and LOUIS HALL, JR.   v   CALHOUN COUNTY BOARD OF EDUCATION

**CAUSE**
(CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE
IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)

42 USC §§ 1973 and 1983; Alleged violation of Section 2 of Voting Rights Act thru use of at-large election system.

**ATTORNEYS**

James U. Blacksher
~~465 Dauphin Street~~
~~Mobile, AL 36602~~
~~433-2000~~

5th Fl Title Bldg
300 21st St North
Birmingham, AL 35203
322-1100

~~Larry Menefee~~
~~5th Floor, Title Bldg.~~
~~300 21st Street, N~~
~~Birmingham, AL 35203~~
~~322-7300/322-7313~~    (Per 9/1/88 Notice)

Edward Still
REEVES & STILL
714 South 29th Street
Birmingham, AL 35233-2810
322-6631

Julius L. Chambers
~~Lani Guinier~~ --- Scherlyn Ifill
~~Pamela Karlan~~
NAACP Legal Defense Fund
99 Hudson Street
16th Floor
New York, NY 10013 [212 219-1900]

Don Siegelman
Alabama Attorney General

~~Susan Russ~~
~~Assistant Attorney General~~
Office of Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
261-7406

David Boyd
BALCH & BINGHAM
P. O. Box 78
Montgomery, AL 36101
834-6500

H. R. Burnham
BURNHAM, KLINEFELTER, HALSEY, JONES & CATER, P. C.
P. O. Box 1618
Anniston, AL 36202
237-8515

| [X] CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | FILING FEES PAID | | | STATISTICAL CARDS | |
|---|---|---|---|---|---|
| | DATE | RECEIPT NUMBER | C.D. NUMBER | CARD | DATE MAILED |
| | | | | JS-5 | 12/5/87 ✓ |
| | | | | JS-6 | 9-5-89 |

UNITED STATES DISTRICT COURT DOCKET                                                                DC-111 (Rev. 1/87)

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
|      |     | THIS CASE IS A DERIVATIVE OF 85-T-1332-N, JOHN DILLARD; et al. v. CRENSHAW COUNTY, ALABAMA, etc., et al. FOR THE PURPOSE OF ORDERS THAT RELATE TO THIS CASE PRIOR TO 8/13/87 SEE DILLARD CASE FILE AND DOCKET SHEET. |

CIVIL DOCKET CONTINUATION SHEET  (Atty H. R. Burnham)

| PLAINTIFF | DEFENDANT | DOCKET NO. |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. RE: **CALHOUN COUNTY BOARD OF EDUCATION** | 87-T-1168-N  85-T-1332-N |

PAGE ___ OF ___ PAGES

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Aug. 13 | | Calhoun County Board of Education's selection of defendant subclass Option B. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| Sep. 14 | | ORDER as follows: (1) not later than **10/16/87** jurisdictions which are members of subclass B or subclass C and which have not prior to the date of this order submitted appropriate settlement documents to the court, shall comply with (a) or (b) as set out in this order; (2) by **11/6/87** the plaintiff class shall file **responses** to the proposed remedies filed by subclass B and C jurisdictions pursuant to paragraph 1(b). If the plaintiff class does not agree to the remedy proposed by a jurisdiction, they shall file their own proposed remedy, following the guidelines set out in paragraph 1(b); (3) trials for remedy questions will be scheduled at a later date. However, all jurisdictions which do not reach agreement with the plaintiff class on a remedy should be prepared to commence trial not later than 11/16/87; and (4) the Attorney General of the State of Alabama is DIRECTED to mail a copy of this order to all jurisdictions which are members of subclass B and C. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 9/14/87. |
| Oct. 16 | | Calhoun County Board of Education's tentative proposal. Referred to Judge Judge Thompson. (Cy furnished Magistrate Carroll.) |
| 20 | | ORDER and JUDGMENT **appointing Hon. Charles S. Coody**, U. S. Magistrate, Middle Distirct of Alabama, **additional special master** with same authorities and duties already given special master Carroll; DIRECTING counsel for Attorney General of the State of Alabama to mail copy of this order to all members of Subclasses B and C or their attorneys. (Copies mailed to counsel.) EOD 10/21/87. |
| 30 | | ORDER, subject to court's later consideration of any objections (1) **decertifying subclasses B and C** as members of defendant class action; directing clerk to assign separate civil action numbers to proceedings with respect to each jurisdiction in subclasses B and C; (2) directing that decertified proceedings shall continue as a class action as previously certified with respect to plaintiffs; (3) **consolidating** the separate actions with respect to the former members of subclasses B & C for purposes of carrying out the procedures precribed by interim consent decree; directing that the Attorney General shall continue to serve as lead counsel for defendants and David Boyd shall continue to serve as liaison counsel for defendants; directing that procedures in paras. 9-20 of interim consent decree shall continue in force and effect for the consolicated actions; (4) directing that all prior orders in this action not inconsistent with this order shall remain in full force and effect; (5) directing that the Attorney General shall promptly furnish a copy of this order to all jurisdictions of subclass B or subclass C; directing that any **objections** to procedural changes ordered herein must be filed, detailed written statement, with the clerk not later than **11/13/87**; hearing to be set by court on objections which warrant such a proceeding; (6) directing that unless the court receives some objection, this order shall take effect on **11/18/87** and no further order will be entered; directing that if no further order is entered before 11/18/87, the parties should assume that the court received no objections. (Copies mailed to counsel.) (Cy furnished Magistrates Carroll and Coody.) EOD 10/30/87. |

OPTION B

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET  (Atty H. R. Burnham)

| PLAINTIFF<br>JOHN DILLARD, et al. | DEFENDANT<br>CRENSHAW COUNTY, ALABAMA, etc., et al.<br>RE: CALHOUN COUNTY BOARD OF EDUCATION | 87-T-1168-N<br>DOCKET NO. 85-T-1332-N<br>PAGE ___ OF ___ PAGES |
|---|---|---|

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 1987 | | |
| Nov. 10 | | Plaintiffs' submission of remedy proposals. Referred to Judge Thompson. Copies furnished Magistrates Carroll and Coody. |
| 18 | | Affidavits of plaintiffs John Dillard, Damascus Crittenden, Jr., Earwan Ferrell, Jr., Clarence J. Jairrels, Dr. Ullysses McBride and Louis Hall, Jr. (in support of IFP status for consolidated cases 87-T-1150-N thru 87-T-1316-N.) |
| 18 | | ORDER that the plaintiffs are allowed to proceed in forma pauperis and without prepayment of filing fees in these cases (87-T-1150-N thru 87-T-1316-N), the court being of the opinion from the affidavits filed by the plaintiffs that they cannot afford the filing fees in these consolidated cases in the amount of $20,520.00. (Copies mailed to counsel.) (Copies furnished Magistrates Carroll and Coody.) EOD 11/18/87. |
| 1988 | | |
| Jan. 26 | | Magistrate Carroll's ORDER FOR CERTAIN SUBCLASS B JURISDICTIONS that Subclass B jurisdictions which have agreed upon a remedy, but have not submitted settlement documents shall, by 2/12/88, file with the court either (1) and appropriate package of settlement documents; or (2) a detailed explanation of the reason for the jurisdiction's inability to submit settlement documents by that date; that all Subclass B jurisdictions which have not reached a settlement, and which are not already set for a remedy hearing, shall, by 2/12/88, file with the court a statement advising the court of the jurisdiction's case status so that the court may schedule remedy hearings where appropriate; that, at or before the time of any hearing to ascertain fairness of proposed settlement agreement, the jurisdiction shall file with the court or the Attorney General evidence (affidavit of publication) that notice to class has been published in accordance with the court's order requiring same and a copy of the letter from the Attorney General of the United States granting preclearance of the proposed remedy under Section 5 of the Voting Rights Act of 1965, 42 USC 1973c. (Copies mailed to counsel.) EOD 1/27/88. |
| Feb. 11 | | Defendant's response to Court order of 1/26/88. Referred to Magistrate Carroll. |
| 23 | | Magistrate Carroll's ORDER (1) setting a **hearing** on the remedy issue on **3/8/88** at 9:30 a.m., 4th floor courtroom, U. S. Courthouse and Federal Building, Montgomery, Alabama; and (2) directing that the parties inform the court, on or before 3/1/88, as to the suggested order of these hearings and the length of time of the hearings. (Copies mailed to counsel.) EOD 2/25/88. |
| Mar. 2 | | Magistrate Carroll's ORDER setting this case for **hearing** on Tuesday, 3/8/88, at 3:00 p.m., 4th floor courtroom, United States Courthouse and Federal Building, Montgomery. (Copies mailed to counsel.) EOD 3/4/88. |
| 4 | | Magistrate Carroll's ORDER rescheduling the **hearing** for Thursday, **3/10/88** at 10:30 a.m., 4th Floor Courtroom, United States Courthouse and Federal Building, Montgomery. (Copies mailed to counsel.) EOD 3/7/88. |
| 10 | | Magistrate Carroll's ORDER tentatively **rescheduling** the **hearing** in this case for 3/21/88 at 4:00 p.m., United States Courthouse and Federal Bldg, Montgomery. (Copies mailed to counsel.) EOD 3/10/88. |

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1168-N |
|---|---|---|
| JOHN DILLARD; et al. | CALHOUN COUNTY BOARD OF EDUCATION | PAGE 4 OF ___ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Mar. 21 | | Plaintiffs' brief on remedy issue. Referred to Magistrate Carroll. |
| 23 | | Defendant's brief on remedy issue. Referred to Magistrate Carroll. |
| Apr. 4 | | Magistrate Carroll's RECOMMENDATION that: 1. The joint plan proposed by the plaintiffs and the jurisdiction be given interim approval; and 2. All seven seats on the Calhoun County Board of Education be elected in 1988 for six-year concurrent terms. (Copies mailed to counsel.) EOD 4/5/88. |
| 4 | | ORDER enjoining the Calhoun County Board of Education, etc., from failing and refusing to conduct elections in accordance with plan submitted by the parties to the court. The court also orders that qualifying for party nomination pursuant to this plan shall be extended until 4/18/88 at 6:00 p.m. and party chairmen shall certify the list candidates for nomination to the probate judge not later than 4/19/88 at 5:00 p.m. (Copies mailed to counsel.) EOD 4/5/88. |
| 4 | | Parties' joint motion for notice and approval of proposed compromise and settlement. (Proposed first order tentatively approving compromise and requiring notice to the class, proposed notice to class, proposed finding and recommendation of the Magistrate, proposed final order approving settlement and proposed consent decree, with exhibits, attached.) Referred to Magistrate Carroll and Judge Thompson. |
| 5 | | FIRST ORDER TENTATIVELY APPROVING COMPROMISE AND REQUIRING NOTICE TO THE CLASS directing the defendant to cause the notice attached to this order to be published in The Anniston Star once a week for 2 successive weeks prior to 4/22/88; directing that maps of the districts shall be displayed in the City Hall during normal business hours; ordering that copies of the attached notice be provided by the defendant to representatives of all local media and to any black community organizations who may request a copy thereof; DIRECTING the Magistrate to conduct a hearing for considering any objections by members of the plaintiff class to the proposed compromise and settlement. The **hearing** shall be held in the federal courthouse, Montgomery, Alabama, on **4/29/88** at 2:00 p.m. (Notice attached requires objections to be filed by 4/26/88.) (Copies mailed to counsel.) EOD 4/6/88. |
| Apr. 22 | | Plaintiffs' motion for award of attorneys fees and expenses from members of subclasses B and C. Referred to Judge Thompson. |
| 22 | | Plaintiffs' motion to schedule plaintiffs' claim for fees and expenses. Referred to Judge Thompson. |
| 28 | | ORDER [CA Nos. 87-T-1150-N thru 87-T-1316-N, all Subclass B and C defendants-- except Baldwin County Board of Education and City of Lisman] as follows: 1. Liaison counsel shall receive all pleading, file all responses, and conduct all proceedings on behalf of the defendant jurisdictions relative to plaintiffs' motion for fees. 2. By **5/16/88** liaison shall provide all defendant jurisdictions with a summary of plaintiffs motion for fees and a copy of this order and shall notify those jurisdictions of their right to object to the motion for fees and shall provide the defendants with a general outline of a plan to apportion among the defendants the fees, etc., awarded to plaintiffs. 3. Any defendant jurisiction which wishes to object to plaintiffs' motion for fees shall by 5/30/88 provide liaison counsel with a statement of its objection. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1168-N |
|---|---|---|
| JOHN DILLARD; et al. | CALHOUN COUNTY BOARD OF EDUCATION | PAGE 5 OF ___ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Apr. 28 | | 4. On or before **6/10/88** liaison counsel shall file with the court any objections, along with evidentiary materials supporting such objections, etc. 5. By **6/24/88** plaintiffs shall file their brief in support of their motion for fees. 6. By **7/1/88** liaison counsel shall file on behalf of the defendant jurisdictions any reply brief. 7. A **hearing** on the plaintiffs motion for fees will be conducted on **7/8/88** at 10 a.m.; defendant jurisdictions to be represented by liaison counsel. 8. By **6/10/88** liaison counsel shall also file with the court a final proposal for apportionment among the defendant jurisdictions of the fees, etc., to be awarded by the court; copy to be sent to each jurisdiction; defendants which object to apportionment system shall advise liaison counsel by 6/24/88; liaison counsel shall advise the court of any such objections by 7/1/88; any objections to be considered at the 7/8/88 hearing. (Copies mailed to counsel.) EOD 4/29/88. |
| 29 | | Defendant's proof of publication. |
| May 17 | | ORDER REGARDING ATTORNEY FEES AND EXPENSES (1) DIRECTING clerk to set up a single separate file and docket sheet for the issues of attorney fees and expenses; (2) directing that all pleadings and orders regarding the issues of attorney fees, etc., are to be filed in separate file; (3) directing that separate file is incorporated in, and made a part of, each and every file for civil action nos. 85-T-1332-N and 87-T-1150-N thru 87-T-1316-N; (4) directing that Clerk need serve copies of this order and all future orders regarding attorney fees, etc., on only counsel for plaintiffs, counsel for Alabama Attorney General, and liaison counsel; and (5) directing that counsel need file only one copy of pleadings with the court. (Copies mailed to counsel.) EOD 5/17/88. |
| Sep 1 | | Plaintiffs' notice of attorneys' withdrawal (Menefee and Guinier) and substitution (Ifill substituted for Karlan). |
| **1989** July 5 | | Withdrawal of Susan E. Russ as counsel for State and Class B defendants (document maintained in 85-T-1332-N). Referred to Judge Thompson. |
| 28 | | Received copy of U. S. Department of Justice's letter to defendant re preclearance. Referred to Magistrate Carroll. |
| Aug 1 | | Magistrate Carroll's FINDING AND RECOMMENDATION that the Court give immediate final approval of the proposed consent decree. (Copies mailed to counsel.) |
| 1 | | FINAL ORDER APPROVING SETTLEMENT (1) approving and adopting the recommendation of the Magistrate; and (2) approving finally the proposed consent decree previously submitted by parties. (Copies mailed to counsel.) EOD 8-1-89. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD | CALHOUN CO BD OF EDUC | DOCKET NO. 87-T-1168-N |
| | | PAGE 6 OF ___ PAGES |

| DATE 1989 | NR. | PROCEEDINGS |
|---|---|---|
| Aug 1 | C | CONSENT DECREE **ENJOINING** defendant, its agents, etc., from conducting the elections for the board of education under the present at-large election system; FURTHER **ENJOINING** as follows: (1) the board of education shall consist of 7 members elected at-large without designated or numbered places and with the 7 candidates receiving the most votes being elected; each voter may cast as many as seven votes; each member shall have 6 yr concurrent terms; (2) per agreement by parties plaintiffs will request the court to order that all 7 seats be elected during the 1988 primary and general election schedule; defendant will request the court to order that this election plan be phased in in 1992 when all 7 seats would be elected to concurrent 6 yr terms; (3) the defendants shall request the local legislative delegation to enact legislaton providing for the form of government agreed to herein and shall remain in effect only until such legislation is enacted by the legislature and precleared in accordance with the provisions of the Voting Rights Acto of 1965; (4) the board of education shall develop a plan to educate the voters about the election system; (5) plaintiffs are prevailing parties for the purpose of the award of attorneys' fees and expenses. (Copies mailed to counsel.) EOD 8-1-89. |

*closed*